ROBERT PORTER v. THE STATE.

No. 20358. Delivered April 19. 1939.
Rehearing Denied May 24, 1939.

The opinion states the case.

*W. E. Bell,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft from the person, and given a term of two years in the penitentiary.

There are no bills of exception nor statement of facts in the record. However appellant complains in his brief of the following occurrence: It appears that appellant was not rep-

resented by counsel at the trial of this cause, and that on October 1, 1938, he was brought into court and by the court sentenced to serve two years in the penitentiary. That on October 6, 1938, having employed counsel, permission was asked and given to file a motion for a new trial. What this motion was and upon what propositions it was based does not appear from the record nor brief, but the brief alleges that same was set down for a hearing on October 15, 1938. At this latter date the trial judge ordered the motion expunged from the record because of the fact that appellant had previously been sentenced on October 6, 1938, and had at that time given notice of appeal to this court.

We must confess that this matter is in such a condition that we find ourselves with nothing to pass upon. We do not know what the motion contained that was expunged. We have no affidavits nor testimony of any kind relative to the merits of such motion. There is no contradiction of the fact that the appellant had already been sentenced and given notice of his appeal, and an order upon our part reversing this case because the court refused to hear this belated motion would have to be based alone upon hearsay, and the unsupported statements made by appellant,—after he employed an attorney,—in his brief alone. This we do not feel inclined to do.

The judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Since the affirmance of the judgment herein appellant has filed in this court an affidavit which does not appear to have ever been presented to the court below. We would not be warranted in considering said affidavit, as it is not properly a part of the record in this cause.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.